IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

UNITED STATES OF AMERICA

v.                                        Criminal No. 3:24-cr-34

RICHARD SCOTT TYSON
        Defendant.

## MEMORANDUM OPINION

This matter is before the Court on MR. TYSON'S MOTION FOR JUDGMENT OF ACQUITTAL (the "MOTION") (ECF No. 291). For the reasons set forth below, the MOTION will be DENIED.

### I. BACKGROUND

On September 24, 2025, Richard Scott Tyson ("Tyson" or "Defendant") was charged in the six-count SECOND SUPERSEDING INDICTMENT (ECF No. 207) with Production of Child Pornography, in violation of 18 U.S.C. § 2251(a) (COUNT I); Possession of Child Pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B) (COUNT II); Attempted Coercion and Enticement of a Minor, in violation of 18 U.S.C. § 2422(b) (COUNT III); Penalties for Registered Sex Offenders, in violation of 18 U.S.C. § 2260A (COUNT IV); and two counts of Obstruction of Justice, in violation of 18 U.S.C. § 1512(b)(1) (COUNTS V and VI). ECF No. 207 at 1-3.

On April 20, 21, and 22, 2026, a bench trial was held, during which time the Court heard testimony, admitted evidence, and heard argument. During trial, Tyson moved for acquittal pursuant to Fed.

R. Crim. P. 29 as to COUNTS IV, V, and VI. The Court granted Tyson's Rule 29 motion as to COUNTS V and VI (the Obstruction of Justice counts) and dismissed those counts. The Court reserved decision on the motion as to COUNT IV.

On April 22, 2026, at the conclusion of the three-day bench trial, the Court found that Tyson was guilty beyond a reasonable doubt on COUNTS I (Production of Child Pornography), II (Possession of Child Pornography), III (Attempted Coercion and Enticement of a Minor), and IV (Penalties for Registered Sex Offenders) of the Second Superseding Indictment. See ECF No. 289. The Court, by ORDER (ECF No. 290), directed Tyson to file any post-trial motions by May 6, 2026.

On May 6, 2026, Tyson filed MR. TYSON'S MOTION FOR JUDGMENT OF ACQUITTAL (the "MOTION") (ECF No. 291). By way of his MOTION, and pursuant to Fed. R. Crim. P. 29(c), Tyson renews his Motion for Judgment of Acquittal on COUNT IV of the Second Superseding Indictment. ECF No. 291 at 1-2. As set forth in COUNT IV of the Second Superseding Indictment, the Government asserted that:

> [o]n or about August 6, 2023, in the Eastern District of Virginia, the defendant, RICHARD SCOTT TYSON, an individual required by Federal or other law to register as a sex offender, committed a felony offense involving a minor under Title 18, United States Code, Sections 2251 and 2422, as charged in Counts One and Three of th[e] [Second] Superseding Indictment . . . [i]n violation of Title 18, United States Code, Section 2260A.

2

ECF No. 207 at 3 (emphasis added). As relevant here, 18 U.S.C. § 2260A provides that:

> [w]hoever, being <u>required by Federal or other law to register as a sex offender</u>, commits a felony offense involving a minor under section 1201, 1466A, 1470, 1591, 2241, 2242, 2243, 2244, 2245, 2251, 2251A, 2260, 2421, 2422, 2423, or 2425, shall be sentenced to a term of imprisonment of 10 years in addition to the imprisonment imposed for the offense under that provision.

Id. (emphasis added). Tyson, in support of his MOTION, argues that "[a]s applied to [him] on the facts adduced at trial, the imposition of the mandatory consecutive ten-year term would not be supported by the evidence at trial, and would violate Due Process, the Eighth Amendment, the Ex Post Facto Clause, and (although the argument is currently precluded) the Double Jeopardy Clause." ECF No. 291 at 4.

On May 20, 2026, the Government filed UNITED STATES' RESPONSE IN OPPOSITION TO DEFENSE MOTION FOR ACQUITTAL (ECF No. 294), arguing that Tyson's MOTION "is without merit and should be denied." ECF No. 294 at 1. Tyson did not file a reply to the Government's response in opposition to his MOTION. This matter is now ripe for the Court's review.

## II. LEGAL STANDARD

Fed. R. Crim. P. 29 provides that, "[a]fter the government closes its evidence or after the close of all the evidence, the court on the defendant's motion must enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain

a conviction. The court may on its own consider whether the evidence is insufficient to sustain a conviction." Fed. R. Crim. P. 29(a). In reviewing a motion for judgment of acquittal, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979). A defendant who challenges the sufficiency of the evidence under Rule 29 "carr[ies] an imposing burden." United States v. Martin, 523 F.3d 281, 288 (4th Cir. 2008) (citing United States v. Beidler, 110 F.3d 1064, 1067 (4th Cir. 1997)).

When reviewing the sufficiency of the evidence supporting a criminal conviction, courts should consider "circumstantial as well as direct evidence, and allow the government the benefit of all reasonable inferences from the facts proven to those sought to be established." United States v. Tresvant, 677 F.2d 1018, 1021 (4th Cir. 1982). "'[C]ircumstantial evidence is not inherently less valuable or less probative than direct evidence' and may alone support a guilty verdict." Martin, 523 F.3d at 289 (quoting United States v. Williams, 445 F.3d 724, 731 (4th Cir. 2006)).

### III. ANALYSIS

**A. Tyson's Conviction as to COUNT IV Was Supported by Sufficient Evidence**

To sustain a charge under 18 U.S.C. § 2260A, the Government

4

is required to prove, beyond a reasonable doubt, that the defendant (1) is "required by Federal or other law to register as a sex offender" and (2) "commit[ed] a felony offense . . . under section 1201, 1466A, 1470, 1591, 2241, 2242, 2243, 2244, 2245, 2251, 2251A, 2260, 2421, 2422, 2423, or 2425" which (3) "involve[ed] a minor . . . ." Id. (emphasis added). Tyson does not dispute "that the Court found proof beyond a reasonable doubt that he committed a properly categorized enumerated offense (Counts One and Three, as alleged in Count Four) and that those offenses as alleged and proven involved actual minors." ECF No. 291 at 4. Tyson only argues that "the proof at trial was [in]sufficient to conclude beyond a reasonable doubt that [he] was 'required by Federal or other law to register as a sex offender' within the meaning of 18 U.S.C. § 2260A." ECF No. 291 at 4 (quoting 18 U.S.C. § 2260A).

In Tyson's view, the only evidence presented to establish that he was required by Federal or other law to register as a sex offender appears in Stipulation No. 2, which was read into the record by the Government on April 20, 2026. ECF No. 291 at 4. Stipulation No. 2, which was jointly stipulated and agreed to, provides that, "[Tyson] was required to register as a sex offender in the Commonwealth of Virginia from at least on or about October 7, 2002 to the present, as a result of a prior unrelated conviction." ECF No. 279 at 1. Tyson argues that the omission from Stipulation No. 2 of the phrase "by Federal or other law[,]" as

5

that phrase is found in § 2260A, renders the stipulation insufficient, on its own, to establish the requisite element of § 2260A that he was "required by Federal or other law to register as a sex offender . . . ." 18 U.S.C. § 2260A. In Tyson's view, "[t]he stipulation does not set out the source of [his] registration obligation[,]" "specify the statutory basis for his prior conviction (from which the Court could notice any applicable registration requirement)[,]" or "set out the statute creating the registration requirement, such as SORNA." ECF No. 291 at 5. In turn, Tyson asserts the Government failed to provide sufficient evidence to establish that he was "required by Federal or other law to register as a sex offender . . . ." 18 U.S.C. § 2260A.

Tyson's claim that no evidence other than Stipulation No. 2 was presented to establish the registry requirement element of § 2260A is incorrect. In establishing the sufficiency of the evidence, this Court considers "circumstantial as well as direct evidence, and allow[s] the government the benefit of all reasonable inferences from the facts proven to those sought to be established." Tresvant, 677 F.2d at 1021. Here, the Court received significant evidence over the course of the three-day bench trial, both direct and circumstantial, in the form of Stipulation No. 2 and the testimony of Detective Danny Joyner of the Powhatan County Police Department that was sufficient to establish that Tyson was "required by Federal or other law to register as a sex

6

offender . . . ." 18 U.S.C. § 2260A.

First, Stipulation No. 2 provides that "[Tyson] was required to register as a sex offender in the Commonwealth of Virginia from at least on or about October 7, 2002 to the present, as a result of a prior unrelated conviction." ECF No. 279 at 1. From that stipulation, a rational trier of fact could clearly draw the reasonable inference that Tyson's sex offender registration obligation stemmed directly from "a prior unrelated conviction"—that is, a violation of either state or federal criminal law.

Second, Detective Joyner testified that Tyson, when asked about his sex offender registration obligation, "reported that he was aware that he had to register anything that he pretty much did. If he bought anything, if he moved, any social media, [Tyson] told [Detective Joyner] [that Tyson] had to register those things." ECF No. 294-1, Joyner Tr. at 7:14-20. Detective Joyner further testified, following the conclusion of the search warrant interview, that Tyson "was arrested by Goochland County Sheriff's Office on a registry violation charge[,]" and that the basis of the registry violation charge was Tyson's failure to "register[] Snapchat, social media." Id. at 16:17-20.

When considering Stipulation No. 2 alongside Detective Joyner's Testimony, and allowing for all reasonable inferences to be drawn, the Court now finds that a rational trier of fact could have found that Tyson was "required by Federal or other law to

7

register as a sex offender . . . ." 18 U.S.C. § 2260A. Accordingly, the evidence presented in this case was sufficient to sustain the conviction as to COUNT IV.

**B. Section 2260A Punishes Tyson's Acts, Not Merely His Status as a Sex Offender**

Tyson contends that "because § 2260A adds ten years mandatory consecutive solely based on his status, it is unconstitutional as applied to him[,]" in violation of the Eight Amendment and Tyson's Due Process rights. ECF No. 291 at 5. Tyson primarily relies on Robinson v. California, 370 U.S. 660 (1962), to support his claim. In Robinson, the Supreme Court held that a state statute that "made it a misdemeanor for a person 'either to use narcotics, or to be addicted to the use of narcotics'" violated the Eight and Fourteenth Amendments' prohibition against cruel and unusual punishment because it made "the 'status' of narcotic addiction a criminal offense . . . ." Id. at 662, 666-67. Tyson also directs this Court to consider City of Grants Pass, Oregon v. Johnson, 603 U.S. 520 (2024), which held that the public camping ordinances at issue in that case did not violate the Eighth Amendment because, "[r]ather than criminalize mere status, Grants Pass forbids actions like 'occupying a campsite' on public property 'for the purpose of maintaining a temporary place to live.'" Id. at 546 (emphasis added). Relying on Robinson and Grants Pass, Tyson asserts that "§ 2260A imposes an additional mandatory consecutive

8

10 years of imprisonment based solely on <u>status</u> at the time of the offense—that the defendant was subject to a registration requirement." ECF No. 291 at 6.

However, unlike the statute at issue in <u>Robinson</u>, which criminalized the mere status of narcotic addiction, § 2260A does not criminalize the mere status of being a registered sex offender. "On its face, § 2260A includes three elements: a defendant (1) must be required to register as a sex offender and (2) must 'commit' one of its sixteen enumerated offenses, which (3) must involve a minor." <u>United States v. Beck</u>, 957 F.3d 440, 448 (4th Cir. 2020). Looking to the second and third elements of § 2260A, the statue goes well beyond criminalizing one's mere status as a sex offender and instead forbids registered sex offenders from committing certain enumerated acts against minors.

In <u>Grants Pass</u>, the Supreme Court cites favorably to Justice Marshall's plurality opinion in <u>Powell v. State of Tex.</u>, 392 U.S. 514 (1968), where "Justice Marshall observed that <u>Robinson</u> had authorized 'a very small' intrusion by courts 'into the substantive criminal law' 'under the aegis of the Cruel and Unusual Punishments Clause.'" <u>Grants Pass</u>, 603 U.S. at 548 (quoting <u>Powell</u>, 392 U.S. at 533). "That small intrusion, Justice Marshall said, prevents States only from enforcing laws that criminalize 'a mere status.'" <u>Grants Pass</u>, 603 U.S. at 548 (quoting <u>Powell</u>, 392 U.S. at 532). "It does nothing to curtail a State's authority to secure a

9

conviction when 'the accused has committed some act . . . <u>society has an interest in preventing</u>.'" <u>Grants Pass</u>, 603 U.S. at 548 (quoting <u>Powell</u>, 392 U.S. at 533) (emphasis added). Here, Tyson was not convicted under COUNT IV for his mere status as a registered sex offender, but instead because he committed two of sixteen enumerated offenses,[1] involving a minor, at a time he was required by Federal or other law to register as a sex offender.

Because § 2260A "do[es] not criminalize mere status, <u>Robinson</u> is not implicated." See <u>Grants Pass</u>, 603 U.S. at 547. Accordingly, Tyson's Eighth Amendment and Due Process argument fails.

## C. Section 2260A Does Not Offend the Ex Post Facto Clause

The conviction resulting in Tyson's registration requirement occurred on or before October 7, 2002. ECF No. 279 at 1. 18 U.S.C. § 2260A was enacted on July 27, 2006. Pub. L. No. 109-248, § 702(a), 120 Stat. 587, 648 (2006). Tyson argues that "[b]ecause the § 2260A violation and its attendant 10-year consecutive sentence is predicated solely on [his] status from his 2002 conviction, to apply § 2260A—a statute enacted years after he acquired that status—violates the Ex Post Facto Clause." ECF No. 291 at 7.

---

[1] The Court found Tyson guilty beyond a reasonable doubt of two offenses enumerated in § 2260A, namely, (1) Production of Child Pornography, in violation of 18 U.S.C. § 2251(a) (COUNT I) and Attempted Coercion and Enticement of a Minor, in violation of 18 U.S.C. § 2422(b) (COUNT III). ECF No. 289.

"The Constitution forbids Congress . . . from passing any ex post facto law." United States v. Wass, 954 F.3d 184, 189 (4th Cir. 2020); see U.S. CONST. art. 1, § 9, cl. 3. "An ex post facto law is one that 'imposes a punishment for an act which was not punishable at the time it was committed; or imposes additional punishment to that then prescribed.'" Wass, 954 F.3d at 189 (quoting Weaver v. Graham, 450 U.S. 24, 28 (1981)). "The Constitution's prohibition on ex post facto laws 'ensures that individuals have fair warning of applicable laws and guards against vindictive legislative action.'" Wass, 954 F.3d at 189 (quoting Peugh v. United States, 569 U.S. 530, 544 (2013)).

Because the ex post facto clause forbids "retroactive punishment," Smith v. Doe, 538 U.S. 84, 92 (2003) (emphasis added), a threshold question is whether a statute challenged on ex post facto grounds in fact authorizes punishment. There is no doubt that § 2260A, which authorizes imprisonment, is punitive. The question, then, is whether that punishment is retroactive. "To fall within the ex post facto prohibition, a law must be retrospective—that is, it must apply to events occurring before its enactment—and it must disadvantage the offender affected by it by altering the definition of criminal conduct or increasing the punishment for the crime." Lynce v. Mathis, 519 U.S. 433, 441 (1997) (citations and internal quotation marks omitted).

In evaluating an ex post facto challenge to a conviction under

11

SORNA's "failure to register" provisions, the Fourth Circuit in Wass held "that application of § 2250(a) does not violate the ex post facto clause as long as, after SORNA's enactment, the defendant: (1) was required to register, (2) traveled in interstate commerce, and (3) knowingly failed to register (in that order)." Wass, 954 F.3d at 191. Finding the analysis conducted and conclusion reached by the Fourth Circuit in Wass to be similarly applicable to violations of § 2260A, this Court now finds that application of § 2260A does not violate the ex post facto clause so long as, after the enactment of § 2260A, the defendant: (1) was required to register as a sex offender and (2) committed one of its sixteen enumerated offenses which (3) involved a minor. See Wass, 954 F.3d at 191; 18 U.S.C. § 2260A.

Here, § 2260A was enacted on July 27, 2006. Pub. L. No. 109-248, § 702(a). It has been established in this case that in 2023, well after the enactment of § 2260A, Tyson (1) was required by federal or other law to register as a sex offender and (2) committed two the sixteen offenses enumerated in § 2260A,[2] which (3) involved minors. Accordingly, Tyson's ex post facto challenge to § 2260A is without merit.

---

[2] As mentioned above, the Court found Tyson guilty beyond a reasonable doubt of two offenses enumerated in § 2260A, namely, (1) Production of Child Pornography, in violation of 18 U.S.C. § 2251(a) (COUNT I) and Attempted Coercion and Enticement of a Minor, in violation of 18 U.S.C. § 2422(b) (COUNT III). ECF No. 289.

**D. Section 2260A's Application Does Not Offend the Double Jeopardy Clause**

Lastly, Tyson asserts, relying on Justice Gorsuch's concurrence in Barrett v. United States, 607 U.S. 128 (2026), that "double punishment for a single offense under Blockburger is forbidden by the Double Jeopardy Clause, regardless of Congressional intent." ECF No. 291 at 8 (citing Barrett, 607 U.S. 128 (2026) (Gorsuch, J., concurring)); see also Blockburger v. United States, 284 U.S. 299 (1932). In turn, Tyson argues that the application of § 2260A in this case constitutes a violation of the Double Jeopardy Clause. ECF No. 291 at 8; see U.S. CONST. amend V.

Tyson admits that current Supreme Court precedent has allowed for cumulative punishments for the same offense in a single proceeding if Congress has said it wants cumulative punishments to apply, see e.g., Missouri v. Hunter, 459 U.S. 359 (1983) (approving multiple punishments for the same offense). ECF No. 291 at 8-9. In turn, Tyson concedes that his argument is foreclosed by Supreme Court precedent, but raises the argument here to preserve his right, on review, to argue "that Hunter should be overruled" and seek a judgment of acquittal as to COUNT IV based on his Double Jeopardy Clause argument.

The Court now finds that, based on current Supreme Court precedent, Tyson's Double Jeopardy argument is without merit. Tyson is correct that the elements of the predicate offenses, §§

13

2251(a) (COUNT I) and 2422(B) (COUNT III), are necessarily included within § 2260A, and are thus "lesser included" offenses of § 2260A, which means, for the purposes of the Blockburger test, that they are the "same offense[s]." See Rutledge v. United States, 517 U.S. 292, 297 (1996) (stating that, in applying the Blockburger test, the Court has "often concluded that two different statutes define the 'same offense,' typically because one is a lesser included offense of the other"). But whether cumulative punishment (punishing a defendant twice for the same offense) offends the Constitution's Double Jeopardy Clause depends upon "whether Congress intended the same conduct to be punishable under two criminal provisions." Ball v. United States, 470 U.S. 856, 861 (1985); see Hunter, 459 U.S. at 366 ("With respect to cumulative sentences imposed in a single trial, the Double Jeopardy Clause does no more than prevent the sentencing court from prescribing greater punishment than the legislature intended."). Here, Congress's unambiguous intent that multiple punishments should be imposed for the "same offense" is apparent from the face of the statute. Section 2260A provides that an offender "shall be sentenced to a term of imprisonment of 10 years in addition to the imprisonment imposed for the [felony] offense [involving a minor] under that provision," and "[t]he sentence imposed under this section shall be consecutive to any sentence imposed for the offense under that provision." 18 U.S.C. § 2260A (emphasis added).

14

Thus, Congress was fully aware of and intended the multiple punishments it created for this offense.

Therefore, sentencing Tyson for both his predicate convictions (COUNTS I and III) and pursuant to § 2260A (COUNT IV) does not violate the Double Jeopardy Clause.

### IV. CONCLUSION

Having found the various arguments raised in Tyson's MOTION to be without merit, MR. TYSON'S MOTION FOR JUDGMENT OF ACQUITTAL (the "MOTION") (ECF No. 291) will be DENIED by forthcoming order.

_____/s/_____

Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: July 8, 2026